# IN THE UNITED STATES DISTRICT COURT
# MIDDLE DISTRICT OF FLORIDA
# TAMPA DIVISION

MARY NIES,

      Plaintiff,

vs.                                                        CASE NO.:

SENTRY MANAGEMENT, INC.,

      Defendant.

_____/

## COMPLAINT & DEMAND FOR JURY TRIAL

Plaintiff MARY NIES ("Plaintiff"), through undersigned counsel, files this Complaint against Defendant SENTRY MANAGEMENT, INC., a Florida Profit Corporation ("Defendant" or "Sentry"), and states as follows:

## INTRODUCTION

1. Plaintiff brings these claims for disability discrimination and retaliation against Defendant for its unlawful termination of Plaintiff based upon her disability or "perceived disability" and retaliation, in violation of the Americans with Disabilities Act of 1990, as amended, 42 U.S.C. § 12101 *et seq.* ("ADA"). Plaintiff is seeking damages including back pay, front pay, compensatory damages, punitive damages, and her attorneys' fees and costs.

2. Plaintiff was wrongfully terminated as the culmination of discrimination and retaliation against her.

## JURISDICTION

3. This Court has original jurisdiction over Plaintiff's claims pursuant to

Americans with Disabilities Act of 1990, as amended, 42 U.S.C. § 12101 *et seq.* ("ADA").

4. Venue is proper as the acts and omissions giving rise to Plaintiff's claims occurred in Pinellas County, Florida.

5. Plaintiff is protected by the Americans with Disabilities Act of 1990, as amended, 42 U.S.C. § 12101 *et seq.* ("ADA").

6. Plaintiff timely filed her Charge of Discrimination with the U.S. Equal Employment Opportunity Commission ("EEOC"), alleging ADA violations and retaliation.

7. Plaintiff was issued her Notice of Right to Sue on EEOC Charge No.: 15H-2019-00040 on October 26, 2020.

8. Plaintiff files this Complaint within 90 days of receiving her Notice of Right to Sue.

9. Plaintiff's claims are therefore timely filed.

## PARTIES

10. Plaintiff worked for Defendant from approximately April 23, 2018 through December 6, 2018, as a Community Association Manager.

11. At all times material to this action, Defendant was and continues to be a Florida For-Profit Corporation.

12. Further, at all times material to this action, Defendant was and continues to be, engaged in business in Florida, doing business in, among other counties, in Pinellas County, Florida.

13. At all times material to this action, Plaintiff was an "employee" of Defendant within the meaning of the ADA.

14. At all times material to this action, Defendant was and continues to be an "employer" within the meaning of the ADA.

15. Defendant is also employer as defined by ADA, as it employed over 15 employees for over twenty calendar weeks in each year relevant to this action.

## GENERAL ALLEGATIONS

16. On October 24, 2018, Plaintiff suffered a massive heart attack or myocardial infraction and had to be hospitalized.

17. The heart muscle needs oxygen to survive. Myocardial infraction is a blockage of the blood flow that brings oxygen to the heart muscle. This condition substantially restricts a major life activity such as the functioning of the circulating system. Accordingly, myocardial infraction is a disabling condition as that term is defined under the ADA, as amended.

18. On November 7, 2018, Plaintiff had triple bypass surgery due to the heart attack.

19. Plaintiff was in communication with her immediate supervisor Todd Whitlock, informing him of the heart attack and hospitalization. Further, Plaintiff continued to update Whitlock regarding her medical status and eventual triple bypass surgery. Whitlock acknowledged receipt of these messages.

20. After Plaintiff was released from the hospital following her surgery, Plaintiff again texted Whitlock to inform him that she had been released from the hospital and was home recuperating. However Plaintiff did not receive a response to her text nor acknowledgment from Whitlock.

21. After Plaintiff's post-operation doctor's appointment, she was released to return to work.

22. That same day, Plaintiff texted Whitlock to inform of about her e=release to return to work and her intention to return on the beginning of the year.

23. However, Plaintiff received a letter from Defendant dated December 6, 2018, stating that the last communication they received from Plaintiff was on November 17, 2018, so in accordance to the company policy; they acknowledged that Plaintiff voluntarily resigned from her position.

24. This was false as Plaintiff had continuously communicated with her supervisor regarding her hospitalization, surgery and recovery.

25. What is more, despite knowing Plaintiff had suffered a heart attack, had triple bypass surgery and a significant recovery process, the correspondence dated December 6, 2018, was the only communication Plaintiff received from Defendant since she suffered her heart attack in October 2018.

26. Accordingly, Defendant knew full well that Plaintiff had a condition that substantially restricted a major life activity.

27. Plaintiff believed her accommodation to be out of work during her hospitalization and recovery period had been approved and her job protected.

28. Despite knowing Plaintiff's condition, Defendant failed to notify Plaintiff that she needed to do something additional to ensure her rights under the ADA were enforced.

29. Thus, Plaintiff was covered by the ADA, as amended, because her

physical impairment substantially limited one or more major life activities.

30. Plaintiff has a record of a physical impairment that limits one or more major life activities.

31. Plaintiff was regarded as having a physical impairment that substantially limits one or more major life activities.

## **COUNT I – VIOLATIONS OF AMERICANS WITH DISABILITY ACT**

32. Plaintiff reincorporates and readopts all allegations contained within paragraphs 1 through 31, above.

33. Plaintiff suffers from a disability as defined by the ADA.

34. Plaintiff is protected by the ADA:

a. Plaintiff was a disabled or "perceived as disabled" employee who suffered discrimination because of her disability or "perceived disability" by Defendant; and

b. Plaintiff suffered an adverse employment action as a result of her disability or "perceived disability."

35. Defendant was at all material times an "employer" as envisioned and defined by the ADA.

36. Defendant saw Plaintiff's disability as an opportunity to get rid of an employee because it perceived/regarded her as disabled and/or based on her disability

37. Plaintiff's medical condition is a protected disability under the ADA, as amended. See 42 U.S.C.§12102.

38. Defendant's actions unquestionably constitute disability discrimination in violation of the ADA, as amended.

39. Given the timing and circumstances leading to Plaintiff's termination, Defendant's actions unquestionably constitute disability discrimination in violation of the ADA.

40. By reason of the foregoing, Defendant's actions, and non-actions, affected the "terms, conditions or privileges" of Plaintiff's employment as envisioned by the ADA.

41. Alternatively, Defendant perceived Plaintiff as being "disabled," and therefore, unable to perform the essential functions of her position, despite the fact that Plaintiff could perform same with a reasonable accommodation.

42. Pleading in the alternative, Plaintiff's impairment did not substantially limit a major life activity, but was treated by Defendant as if it did.

43. Pleading in the alternative, Plaintiff's medical condition constituted an impairment that limited a major life activity only because of Defendant's attitude toward the impairment.

44. Defendant does not have a non-discriminatory rationale for terminating Plaintiff's employment.

45. Plaintiff was a disabled individual, or otherwise perceived as disabled by Defendant, during her employment. Therefore, she is the member of protected classes as envisioned by the ADA.

46. Plaintiff suffered sufficiently severe and pervasive treatment, and ultimate termination, because of her disability and/or "perceived disability," and request for accommodation regarding same.

47. The acts of Defendant, by and through its agents and employees, violated

Plaintiff's rights against disability discrimination under the ADA.

48. The discrimination to which Plaintiff was subjected was based on her disability and/or "perceived disability."

49. The conduct of Defendant, its agents, and employees proximately, directly, and foreseeably injured Plaintiff, including, but not limited to, lost wages and benefits, future pecuniary losses, emotional pain and suffering, humiliation, inconvenience, mental anguish, loss of enjoyment of life, and other non-pecuniary losses.

50. The conduct of Defendant was so willful and wanton, and in such reckless disregard of the statutory rights of Plaintiff, as to entitle her to an award of punitive damages against Defendant to deter it, and others, from such conduct in the future.

51. Plaintiff is entitled to recover reasonable attorneys' fees and litigation expenses pursuant to the ADA.

52. Plaintiff has retained the law firm of MORGAN & MORGAN, P.A. to represent Plaintiff in the litigation and has agreed to pay the firm a reasonable fee for its services.

**WHEREFORE**, Plaintiff prays for a trial by jury and all legal and equitable relief allowed by law including:

    a. Back pay and benefits;

    b. Interest on back pay and benefits;

    c. Front pay and benefits;

    d. Compensatory damages for emotional pain and suffering;

    e. Injunctive relief;

  f.  Prejudgment interest;

  g.  Costs and attorney's fees; and

  h.  Such other relief as the Court may deem just and proper.

## COUNT II – RETALIATION UNDER ADA

53. Plaintiff reincorporates and readopts all allegations contained within paragraphs 1–31, above.

54. Plaintiff was, at all times relevant, eligible for ADA-covered accommodation.

55. Defendant was Plaintiff's employer as defined by the ADA.

56. Defendant retaliated against Plaintiff because she exercised her rights under the ADA by seeking an accommodation.

57. Defendant had actual knowledge of the retaliatory conduct of Plaintiff's supervisors.

58. Defendant's acts and omissions negatively affected one or more terms, conditions and/or privileges of Plaintiff's employment.

59. Defendant's retaliatory acts and omissions occurred, at least in part, because of Plaintiff's request for ADA-covered accommodation.

60. Defendant's conduct violated Plaintiff's right to be free from retaliation as guaranteed by the ADA.

61. As a direct, natural, proximate and foreseeable result of the actions of Defendant, Plaintiff has suffered harm for which she is entitled to compensation, including, but not limited to lost wages and benefits, future pecuniary losses, emotional pain, suffering,

inconvenience, mental anguish, loss of enjoyment of life and other non-pecuniary losses.

62. Plaintiff has no plain, adequate or complete remedy at law for the actions of Defendant, which have caused and continue to cause irreparable harm.

63. Defendant's violations of the ADA were willful.

64. Plaintiff has retained the law firm of MORGAN & MORGAN, P.A. to represent Plaintiff in the litigation and has agreed to pay the firm a reasonable fee for its services.

65. Plaintiff is entitled to recover her attorneys' fees and costs pursuant to 42 U.S.C. § 2617(a)(3).

WHEREFORE, Plaintiff prays for a trial by jury and all legal and equitable relief allowed by law including:

    a. Back pay and benefits;

    b. Interest on back pay and benefits;

    c. Front pay and benefits;

    d. Compensatory damages for emotional pain and suffering;

    e. Injunctive relief;

    f. Prejudgment interest;

    g. Costs and attorney's fees; and

    h. Such other relief as the Court may deem just and proper.

## **DEMAND FOR JURY TRIAL**

Pursuant to Fed. R. Civ. P. 38(b), Plaintiff hereby demands a trial by jury.

Dated this 9th day of December, 2020.

Respectfully submitted,

**s/Anthony Hall**
**Anthony J. Hall, Esq.**
Florida Bar No.: 40924
Morgan & Morgan, P.A.
20 N. Orange Ave., 16th Floor
Orlando, FL 32801
MAILING: , P.O. Box 530244
Atlanta, GA 30353-0244
Direct Tel.:     (407) 418 2079
Facsimile:      (407) 245-3390
Email: ahall@forthepeople.com
Counsel for Plaintiff